OPINION
The appellant, Lawanda Davis ("appellant"), appeals the decision of the Marion County Court of Common Pleas granting permanent custody of her three children to Marion County Children Services ("MCCS"). For the following reasons, we affirm the judgment of the trial court.
This case involves three children born to the appellant: Martin Davis (born January 18, 1993); Kathleen Davis[1] (born December 31, 1993); and Anna Lemons (born September 5, 1995). In February of 1998, MCCS was notified that the appellant and her children were without a place to live and that the appellant was no longer able to provide for the basic needs of the children. The children were placed in the temporary care of MCCS on an emergency basis. On April 23, 1998 a dependency hearing was held and it was stipulated that the children were dependent. The children were placed in foster care and a case plan was developed by MCCS in an attempt facilitate a reunification between the children and the appellant. Curtis Lemons, the appellant's boyfriend and Anna's biological father, was also involved in the case plan and reunification attempts.[2]
On April 21, 1999, MCCS filed a motion for permanent custody of the children. The children had been in foster care for over a year and the appellant had not satisfied the requirements set forth in the case plan. She had not secured stable and appropriate housing for her and the children, despite assistance from the MCCS. Furthermore, she was noncompliant with the treatment mandated by the case plan. A hearing was held on the motion for permanent custody on July 15, 1999 in the Marion County Common Pleas Court, Juvenile Division. The guardian ad litem filed a report dated October 19, 1999, wherein he recommended that it was in the best interest of the children to grant permanent custody to MCCS. On February 3, 2000, the trial court filed a judgment entry granting MCCS permanent custody of the children. It is from this judgment that the appellant now appeals asserting one assignment of error.
 Assignment of Error The Common Pleas Court of Marion County, Ohio, Juvenile Division, erred in that its findings and judgment were manifestly against the weight of the evidence.
A trial court conducting a hearing on a motion for permanent custody must follow the guidelines set forth in R.C. 2151.414. Pursuant to R.C. 2151.353(A)(4), the court may grant such a motion if two determinations are made. The court must determine by clear and convincing evidence, after a child had been found by the court to be neglected, dependent, or abused, that it is in the child's best interest to grant the movant permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
 (2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody.
R.C. 2151.414(B)(1) through (3).
When determining what is in the child's best interest, R.C.2151.414(D) mandates that the court consider all relevant factors, including, but not limited to, the following:
 (1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate an adoption;
 (2) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (3) The wishes of the child, as expressed directly by the child or through his guardian ad litem, with due regard for the maturity of the child;
(4) The custodial history of the child;
 (5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Further, if the court has determined, based on R.C.2151.414(B)(1), that a child cannot or should not be placed with the parents within a reasonable time (as determined by the trial court in this case), the court must consider all relevant evidence, finding, by clear and convincing evidence, that one or more of the conditions set forth in R.C. 2151.414(E) exists that would prohibit placement of the child with one of his parents. In re Brown (1994), 98 Ohio App.3d 337, 342.
On appeal, this court must determine whether the lower court complied with the statutory requirements of R.C. 2151.353 and2151.414 and whether there was sufficient evidence to support a finding by clear and convincing evidence that one or more of the factors listed in R.C. 2151.414(E) exist. Permanent custody may not be granted unless the trial court finds by clear and convincing evidence that one or more of the eight enumerated factors in R.C. 2151.414(E) exist. In re William S. (1996),75 Ohio St.3d 95, 101. Clear and convincing evidence is that level of proof that would cause the trier of fact to develop a firm belief or conviction as to the facts sought to be proven. Crossv. Ledford (1954), 161 Ohio St. 469. An appellate court will not reverse a trial court's determination concerning parental rights and child custody unless the determination is not supported by sufficient evidence to meet the clear and convincing standard of proof. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361.
At the permanent custody hearing, Lora Graves, the MCCS caseworker assigned to this case, testified that a case plan had been developed to facilitate the reunification of the children, the appellant, and Curtis Lemons. The case plan essentially required the appellant to do three things: (1) to obtain a stable and safe residence for the children, (2) to have the ability to financially maintain this environment and, (3) to seek treatment for her alcohol and drug problem. The children had been in foster care for over a year and no progress had been made by the appellant to achieve the goals set forth in the case plan. The evidence also reveals that the two older children had previously been in foster care for a substantial period of time before the appellant was able to regain custody of her children.
Ms. Graves testified that over a seventeen-month period, the appellant lived in approximately fourteen different places, none of which was suitable for the children. These places consisted of hotels, rooming houses, and homes of friends. The appellant never bought or rented a place of her own despite repeated assistance from MCCS. At the time of the hearing, the appellant testified that she was currently residing in the Courtesy Budget Inn.
The appellant testified that she is currently on Social Security Disability and receives $80 a month. This is her sole source of income. Curtis Lemons is also on SSI/Disability and receives approximately $700 a month. The appellant testified that she could hold a job if she put her mind to it. However, the evidence revealed that the appellant has not attempted to obtain employment.
The evidence revealed that the appellant maintained a regular visitation schedule with the children. She visited with the children twice a week. However, for approximately six months, the appellant and Lemons moved to Atlanta, Georgia. They did not see the children this entire time, but maintained contact through telephone calls.
The evidence further reveals that the appellant has a history of drug and alcohol abuse. It was recommended by MCCS that she receive treatment for these problems. There is evidence that she enrolled in a substance abuse program in Atlanta for approximately one month, but failed to continue treatment upon returning to Marion. The appellant continued to use during the period in question and tested positive for alcohol and marijuana on two separate occasions. It was requested that she submit to additional screens, however, the appellant refused. The appellant was also diagnosed as suffering from depression and referred to the Marion Counseling Center for counseling and medication. Again the appellant failed to maintain contact with the Center or complete the programs prescribed for her.
In its Judgment Entry for Permanent Custody, the trial court found that MCCS had exhausted all efforts and services toward reunification of the children with the appellant and Lemons. The court further found that the appellant had failed to comply with the goals and objectives of the case plan and was unable or unwilling to remedy the conditions that caused the removal of the children. See R.C. 2151.414(E)(1).
The trial court found by clear and convincing evidence that the parents have "conclusively demonstrated their lack of commitment to correct the living and working conditions that could enable them to raise their children and meet the children's needs." Based on the above evidence, the trial court determined that it was in the best interest of the children for permanent custody to be granted to MCCS. The court further found that the children are adoptable.
The appellant argues that the evidence presented was insufficient to support the award of permanent custody. Upon consideration of the law and the entire record of the proceedings in the trial court, this Court finds that there is clear and convincing evidence to support the trial court's findings. Accordingly, the appellant's sole assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ___________________________ HADLEY, P.J.
WALTERS and SHAW, JJ., concur.
[1] The biological father of Martin and Kathleen, Robert Roosevelt Jennings, is not involved in the children's lives and chose not to participate in the custody proceedings.
[2] Curtis Lemons' parental rights were terminated, however he has not appealed the grant of permanent custody of Anna to MCCS.